UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TAWHID I. SIDDIQUEE,

           Plaintiff,

- against -

MASHHURA ALAMGIR ANKHI,

           Defendant.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 1 5 2011 ★
BROOKLYN OFFICE

**REPORT & RECOMMENDATION**
**10-CV-2691 (ARR)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff filed this *pro se* action on June 10, 2010 and paid the $350 filing fee. (Docket entries 1, 4.) Plaintiff has failed to timely serve defendant, who resides in Bangladesh, in accordance with Federal Rule of Civil Procedure 4(f), despite being afforded ample opportunity to do so by the Court. For the reasons that follow, it is respectfully recommended that plaintiff's case should be dismissed for failure to serve defendant.

## BACKGROUND

Plaintiff commenced this action over one year ago, and he unsuccessfully attempted to serve defendant in Bangladesh by various means. (Docket entries 7, 9, 12-13.) Plaintiff first wrote to the Court on August 25, 2010, and the Court granted him until October 8, 2010 to file proof of proper service. (Docket entries 7-8). Plaintiff then requested a three-month extension of time to serve defendant by December 15, 2010, which the Court granted. (Docket entries 9-10.) On November 24, 2010 and December 14, 2010, plaintiff filed a return of service form stating that the documents had been left under defendant's door in Bangladesh. (Docket entries 12-13.) He then moved for entry of default based on defendant's failure to respond to the complaint. (Docket entry 13.) However, although defendant had failed to plead or respond to the complaint, plaintiff had not established that he had properly served defendant with process pursuant to Rule 4(f). The Court denied plaintiff's request for entry of default and explicitly stated that "[p]laintiff shall serve defendant in accordance with Federal

Rule of Civil Procedure 4(f) by April 25, 2011 or the Court will recommend that the case be dismissed without prejudice for failure to effect service on defendant." (Docket entry 14.) Plaintiff has failed to file proof of service on defendant as directed, or show good cause why service was not made on these defendants.

## DISCUSSION

As stated in the Court's February 2, 2011 Order, plaintiff must serve defendant pursuant to Federal Rule of Civil Procedure 4(f)(2), which provides that service may be made "by a method that is reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[.]

Fed. R. Civ. P. 4(f)(2)(A)-(C). In addition, service outside the United States must be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(l)(2)(B). Over fifteen months have passed since plaintiff filed his complaint, and he has not served defendant in accordance with these criteria.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Although "this subdivision (m) does not apply to service in a foreign country under Rule 4(f)," Fed. R. Civ. P. 4(m), "plaintiff does not have an unlimited time to effect service. [W]here service is in a foreign country, the Court uses a flexible due diligence standard to determine whether service of process was timely." Banco Central de Paraguay ex rel. Banco Union S.A.E.C.A. v. Paraguay Humanitarian Found.,

Inc., No. 01 Civ. 9649(JFK), 2005 WL 2861598, at *4 (S.D.N.Y. Oct. 31, 2005) (alteration in original) (internal quotation and citations omitted).

Here, plaintiff has not demonstrated proper service on defendant, nor has he filed anything to explain why he has been unable to effect service.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action against defendant Ankhi should be dismissed without prejudice for failure to properly serve the defendant.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: September 15, 2011
Brooklyn, New York